IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

IN RE: TERRY L. PIPKIN,                  CASE NO. 4:12-bk-70380M
                                                                                  (CHAPTER 7)

       Debtor.

UNITED STATES OF AMERICA                                      PLAINTIFF

VS.                        AP NO. 4:12-ap-07050

TERRY L. PIPKIN                                                            DEFENDANT

<u>MEMORANDUM OPINION</u>

On February 2, 2012, Terry L. Pipkin (Debtor) filed a voluntary petition for relief under the provisions of Chapter 7 of the United States Bankruptcy Code. On May 7, 2012, the United States of America on behalf of the Social Security Administration (SSA) filed a complaint to determine the debt owed by Debtor to the SSA for overpayment of disability benefits in the sum of $49,517.70 to be declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2) on the grounds that the debt was incurred by false pretense or false representation. The Defendant filed a timely answer denying the allegations in the complaint. The Plaintiff appeared by assistant United States attorney, Claude S. Hawkins, Jr., and the Debtor appeared by counsel, Stephen T. Arnold.

Trial on the merits was held in Texarkana, Arkansas, on December 11, 2012, after which the matter was taken under advisement. Both parties have filed briefs in support of their respective positions.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J) and the Court has jurisdiction to enter a final judgment in the case. The following shall constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of

1

Bankruptcy Procedure 7052.

I.

FACTS

The facts are not in dispute. The Debtor suffered a work related injury to his back and as a result, on May 3, 1995, the Debtor applied for social security disability benefits because he was disabled from working.[1] (Tr. at 1; Pl.'s Ex. B.) The Debtor received social security disability benefits from 1995 until March 2008 when the payments were terminated. However, because the Debtor had returned to work and was making substantial income, "more than he was allowed to be making and still be on social security", payments should have been terminated in November 2005. (Tr. at 25-26, 43; Pl.'s Ex. J.) The SSA determined from an examination of the Debtor's tax returns and its own records that he had been overpaid benefits in the sum of $49,517.70. (Tr. at 12, 15; Pl's. Ex. G.)

One of the requirements for receiving social security disability benefits is that the recipient has the responsibility to report to the SSA any earnings from employment. (Tr. at 11; Pl.'s Ex. B.) Recipients are reminded annually of this earning and work limit. (Tr. at 11.) The Debtor was notified of his overpayment of benefits on November 12, 2007. (Tr. at 12; Pl.'s Ex. G.) At the time the Debtor was notified of the demand of the return of the overpayment he was also notified of his right to appeal the government's determination and his right to request a waiver. The Debtor did not appeal the determination of the overpayment, but he did request a waiver of his ability to repay the overpayment. (Tr. at 13; Pl.'s Ex. G & K.)

On February 10, 2011, the Debtor was sent notice to appear at the SSA office to discuss

---

[1] The Debtor was also paid a lump sum from the state workers' compensation system in the sum of $40,000.00. (Tr. at 75.)

2

the overpayment but the Debtor did not appear. (Tr. at 31.) A waiver request was made in March 2011. (Pl.'s Ex. K.) The SSA, however, denied the waiver because it determined that the overpayment was the Debtor's fault for not reporting his earnings. (Tr. at 14-15). The Debtor had the right to appeal the decision to deny the waiver to an administrative law judge but he failed to appeal. (Tr. at 31.)

The Debtor does not dispute the amount of the overpayment. (Tr. at 74.) He also does not dispute that he knew he was supposed to report when he started working again and that he should not have been drawing disability because he was working. (Tr. at 74.)

## II.

## DISCUSSION

11 U.S.C. § 523(a)(2)(A) provides as follows:

A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . for money . . . to the extent obtained by-- false pretense, a false representation, or actual fraud. . . .

The Plaintiff has the burden of proving by a preponderance of the evidence that this claim fell within the exception to discharge. Grogan v. Garner, 498 U.S. 279, 291, 111 S.Ct. 654, 660 (1991); Treadwell v. Glenstone Lodge, Inc. (In re Treadwell), 637 F.3d 855, 860 (8th Cir. 2011). To prove nondischargeability under 11 U.S.C. § 523(a)(2)(A), the evidence must show: (1) the debtor made a representation; (2) with knowledge of its falsity; (3) deliberately for the purpose of deceiving the plaintiff; (4) who justifiably relied on the representation; (5) which proximately caused the plaintiff's damage. In re Treadwell, 637 F.3d 855, 860 (8th Cir. 2011); Thul v. Ophaug (In re Ophaug), 827 F.2d 340, 342 (8th Cir. 1987); Vinson v. Cozart (In re Cozart), 417 B.R. 116, 125 (Bankr. W.D. Ark. 2009). A debtor's silence regarding a material fact can

constitute a false representation under 11 U.S.C. § 523(a)(2)(A).  Matter of Van Horn, 823 F.2d 1285, 1288 (8th Cir. 1987)(abrogated on other grounds by Grogan v. Garner, 498 U.S. 279 (1991)); Merchants Nat'l Bank of Winona v. Moen (In re Moen), 238 B.R. 785, 791 (8th Cir. BAP 1999); U. S. v. Hampton (In re Hampton), 396 B.R. 28, 30 (Bankr. N.D. Iowa 2008); Ostertag v. Overall (In re Ovreall), 248 B.R. 146, 151 (Bankr. W.D. Mo. 2000); see also Bullock v. BankChampaign, N.A., 569 U.S. ___ ,*7  (2013)("'[f]raud' typically requires a false statement or omission").

     In the case at hand, the Debtor candidly admitted he knew that he was not entitled to social security disability payments when he became employed.  He also does not dispute the amount of the overpayment.  On his waiver request, the Debtor writes that he notified the SSA of his new employment by telephone several times; however, testimony was introduced that if there were phone calls, pay stubs would have been requested and there is no record that any pay stubs were submitted to the SSA. (Tr. at 19, Pl.'s Ex. K.)  Later, in testimony, the Debtor admitted he was making too much money to receive social security disability but, "didn't know what to do." (Tr. at 70, 74.)  The Debtor also testified that he probably did not report his earnings because he had moved several times.  (Tr. at 68.)

     Counsel argues that the Debtor should have been granted a waiver because the overpayment was not his fault as determined by the SSA.  However, the Debtor had the opportunity to appeal the determination by the SSA to an administrative law judge but failed to exercise his right of appeal.  The Bankruptcy Court has no jurisdiction to act as an appellate court from a decision of the SSA to grant or not grant a waiver of a social security disability overpayment.  See generally 28 U.S.C. § 157, et. seq.

The evidence here meets the test required by law in that the Debtor, by failing to notify SSA of his employment, made a false misrepresentation with the knowledge of its falsity and he did it deliberately for the purpose of deceiving the Plaintiff so he could continue to draw the social security benefits. The testimony was that the SSA relies on recipients reporting when employment starts because it is impossible with the existing manpower to monitor each case; therefore, the government justifiably relied on the failure to report the employment. Finally, the failure to report the employment proximately caused the Plaintiff to overpay the Debtor which resulted in the Plaintiff's damage.

III.

CONCLUSION

Therefore, for the reasons stated herein, the debt owed to the United States for overpayment of social security disability benefits in the sum of $49,517.70 is determined to be nondischargeable. A separate judgment will be entered to that affect pursuant to Federal Rule of Bankruptcy Procedure 7058.

IT IS SO ORDERED.

Dated: 05/24/2013

HON. JAMES G. MIXON
U. S. BANKRUPTCY JUDGE

DATE:_____

cc: Claude S. Hawkins, Esq.
    Stephen T. Arnold, Esq.
    Debtor